UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MARILYN POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-0199 |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 25, 2008, Plaintiff,[1] acting *pro se* and formerly incarcerated at FPC Alderson in Alderson, West Virginia, filed her Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).[2] (Document No. 1.) Plaintiff names the Federal Bureau of Prisons [BOP] as the Defendant.[3] Plaintiff alleges that the conditions of confinement at FPC Alderson constitute cruel and unusual punishment in violation of her Eighth Amendment rights. (Id., pp. 1 - 2.) Plaintiff alleges that she was moved from her regular living quarter to the "Bus Stop," which was "designed to prevent sleep." (Id., p. 1.) Plaintiff states that she "was deprived of sleep and peace of mind because of the noise and lighting." (Id.) Specifically, Plaintiff alleges that "[t]he florescent lights directly in front of my bed while on the "Bus Stop" were on 24 hours a day, so that my bed

---

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on July 29, 2008.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] The undersigned notes that the BOP is not a "person" as required by *Bivens*.

was constantly illuminated, and this condition caused me grave sleeping problems." (Id., p. 2.) Plaintiff further contends that there was inadequate ventilation. (Id.) Plaintiff complains that "I was three (3) feet away from B-3 restrooms, my bed was permeated with stale air that is saturated with the fumes of feces, the smell of urine and vomit as well as other stale bodily odors." (Id.) Plaintiff alleges that the above conditions caused her mental anguish and requests compensatory and punitive damages in the amount of $25,000,000. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.[4]

---

[4] The undersigned notes that Plaintiff has two other actions pending in this district: *Powell v. BOP*, Civil Action No. 1:07-0452, and *Powell v. BOP*, Civil Action No. 1:08-0087.

## **ANALYSIS**

The allegations stated in Plaintiffs' Complaint asserting violations of her constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth

3

Amendment. Plaintiff contends that the conditions of confinement at FPC Alderson constitute cruel and unusual punishment. As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege

4

(1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") Therefore, Plaintiff must allege and eventually establish a "sufficiently serious" deprivation of the conditions of their confinement resulting in "serious or significant physical or mental injury" in order to maintain and prevail upon her Eighth Amendment claim.

      Plaintiff contends that prison conditions at FPC Alderson are cruel and unusual based upon the following: excessive noise, continual lighting, and inadequate ventilation. (Document No. 1, pp. 1 - 2.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food,

warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiff claims that while she was located at the "Bus Stop," she was "deprived of sleep and peace of mind because of the noise and lighting" and the "air is saturated with fumes of feces, the smell of urine, vomit . . . and other stale bodily odors." Although sleep can constitute a basic human need, Plaintiff fails to allege any sufficiently serious deprivation of her basic human need for sleep as to constitute an Eighth Amendment violation. See Murry v. Edwards County Sheriff's Dep't., 248 F.Appx. 993, 998 - 99 (10th Cir. Oct. 1, 2007)(finding that occasional disturbance of sleep by continual lighting, leading sometimes to mild physical symptoms, was not sufficiently serious to result in an Eighth Amendment violation); Nikirk v. Rodriquez, 129 F.Appx. 103, 104 (5th Cir. Apr. 20, 2005)(holding that the District Court properly dismissed inmate's claim as frivolous where inmate alleged an Eighth Amendment violation based upon a denial of sleep due to nighttime head-counts where inmate failed to allege serious physical or psychological damage); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(stating that "sleep undoubtedly counts as one of life's basic needs); Hunnewell v. Warden, 19 F.3d 7 (1st Cir. 1994)(*unpublished decision*)(holding that inmate's claim that "cell lights are on during the night making it difficult to sleep" and "the ventilation system blows dust and fibers into his cell causing him to have headaches and bloody noses" was insufficient to state a claim under the Eighth Amendment); Ajaj v. United States, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); Spivey v. Doria, 1994 WL 97756, * 11 (N.D.Ill.)(finding no constitutional violation where inmate alleged that the noise level caused him to lose sleep and made him irritable; reasoning that "federal courts are not

the forums to determine proper lighting and noise levels in jails"); Hutching v. Corum, 501 F.Supp. 1276, 1293(D.Mo. 1980)(finding no constitutional violation despite all-night illumination and high noise levels at night, where inmates failed to allege "evidence indicating that the inmates are unable to sleep at all or that they have developed psychological or physiological problems). Thus, the conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380; see also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."). Furthermore, Plaintiff fails to allege significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Plaintiff merely alleges that she has suffered "mental anguish" as a result of the above conditions of confinement. Plaintiff's claim of mental anguish, however, is insufficient to satisfy the Eighth Amendment's objective component. Mickle v. Moore, 174 F.3d 464, 472 (4th Cir. 1999)(stating that "depression and anxiety are unfortunate concomitant of incarceration; they do not however, typically constitute the extreme deprivations . . . required to make out a conditions-of-confinement claims"). Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiffs shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiffs, who are acting *pro se*.

Date: September 2, 2009.

R. Clarke VanDervort
United States Magistrate Judge